IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTINEZ,<br><br>  Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA,<br><br>  Defendant.<br>_____/ | CASE NO. CV-F-07-996 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANT'S MOTION TO DISMISS |

　　　　Plaintiff is a state prisoner and proceeding with counsel in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint upon which this action proceeds on July 12, 2007. On October 22, 2007, defendants filed a motion to dismiss. Plaintiff filed an opposition on November 16, 2007. The motion was referred to the undersigned on November 29, 2007 and on December 14, 2007, defendants filed a reply. A hearing was held before the undersigned on January 4, 2008. Attorney K. Karan appeared for plaintiff and attorney James Sobolewski appeared for defendants.

　　　　Plaintiff, a quadriplegic and an insulin dependant diabetic, has been incarcerated at the Acute Care Hospital (ACH) at CSP-COR. Plaintiff filed a complaint on July 12, 2007 alleging various

violations of his right to medical care.  His claims include: (1) Violation of Civil Rights § 1983; (2) Violation of the Americans with Disabilities Act (ADA); (3) Abuse of Dependant Adult (CA Welf. & Inst Code 15600 et. Seq.); (4) Defamation (Ca Civ Code §44 et. seq); (5) Conspiracy §§1985 and 1986; and (6) Intentional Infliction of Emotional Distress.

The named defendants include senior managers of the CDCR; the Director of the California Department of Finance; the Warden; the Chief Medical Officer of CSP-COR; and various medical and custodial staff at the ACH at CSP-COR.

Defendants State of California, James Tilton, Marisela Montes, Brigid Hanson, Michael Genest, Derral Adams, William McGuiness, MD, Barbara Brewer, M. Nunez, Linda Deleon, Candace Davis, Frances Garza, C. Garcia, P. Sena and K. Carter bring this Motion to Dismiss challenging the First, Second and Third claims.

**A.  Motion to Dismiss Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

1

2       A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

**B.  Discussion**

      **A.**    **First Claim for Relief - Violation of Civil Rights - 42 U.S.C. § 1983**

      In the first claim, plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants argue that the State of California is not a proper defendant and that plaintiff fails to state a claim against the supervisorial defendants. Defendants also argue that no claim exists against any defendant in their official capacity.

      In his opposition, plaintiff clarifies that the State of California is not a defendant in the § 1983 claim and that he is only suing the defendants in their individual capacities. Plaintiff contends the supervisory defendants are liable for their own conduct.

      Plaintiff fails to state a section 1983 claim against the supervisorial defendants. Plaintiff has failed to link the supervisorial defendants to specific conduct and he has failed to allege that they

1

2  personally participated in the alleged conduct. The complaint must allege in specific terms how
3  each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is
4  some affirmative link or connection between a defendant's actions and the claimed deprivation.
5  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson
6  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In addition, supervisory personnel are generally not
7  liable under section 1983 for the actions of their employees under a theory of respondeat superior
8  and, therefore, when a named defendant holds a supervisorial position, the causal link between him
9  and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d
10 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442
11 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts
12 indicating that supervisory defendants either: personally participated in the alleged deprivation of
13 constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
14 "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
15 is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
16 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although
17 federal pleading standards are broad, some facts must be alleged to support claims under Section
18 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

19       Plaintiff has not alleged sufficient facts indicating that the supervisorial defendants
20 personally participated in the alleged deprivation of constitutional rights; knew of the violations and
21 failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
22 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
23 violation.'" Hansen v. Black at 646. Liability based on actions of subordinates is precluded under
24 section 1983, unless plaintiff is able to allege facts demonstrating some personal involvement in his
25 care, as set forth in the preceding paragraph. Defendants motion to dismiss plaintiff's § 1983 claim
26

should therefore be granted and plaintiff should be granted leave to file an amended complaint to cure these deficiencies.

B.  **Second Claim for Relief - Violations of the Americans with Disabilities Act and Injunctive Relief**

Plaintiff alleges that defendants refused to secure funding necessary to meet or exceed the minimum level of care and that defendants refused to provide plaintiff with the required medical care in violation of the ADA. Plaintiff also alleges that defendants refused to provide requested accommodations so that he could visit with his children to the maximum extent permitted by a person with an A-1/A status. Plaintiff seeks injunctive relief compelling defendants to provide constitutionally mandated medical care and the accommodations necessary to facilitate visitation as required by law.

1. **Plata v. Schwarzenegger**

Defendants argue all funding claims and requests for injunctive relief regarding medical care are barred by *Plata v. Schwarzenegger*, United States District Court Case No. C 01—1351 which resulted in a stipulation for injunctive relief. Defendants argue the issue of funding as it relates to the minimum level of care necessary to fulfill defendants' obligations to plaintiff was previously raised in *Plata* and was resolved on plaintiff's behalf in that in the *Plata* Stipulation, defendants agreed to make all reasonable efforts to secure funding necessary to implement policies and procedures designed to meet defendants' obligations to plaintiffs (including Mr. Martinez), under the Eighth Amendment. Defendants argue that plaintiff must use the procedural vehicles outlined in the *Plata* Stipulation if he feels officials have violated his rights regarding funding.

Plaintiff contends he is not seeking injunctive relief as to issues that were litigated in *Plata* and furthermore, he is seeking monetary damages which were not part of the Plata settlement. With this clarification, defendants motion to dismiss plaintiff's request for injunctive relief should be

denied without prejudice to renewing the argument should plaintiff's amended complaint seek injunctive relief that is covered in the remedial plans for *Plata*.

### 2.     Claims relating to Failure to Provide Medical Care.

Defendants further argue that claims relating to the denial of medical care are not cognizable under the ADA.

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff's allegations that defendants refused to provide the medical care required for someone in plaintiff's condition and that the medical care was below the standard of care are not cognizable under the ADA because he does not allege that he was excluded from a program or service.  Defendants motion to dismiss the medical portion of the ADA claim as referenced should therefore be granted.

### 3.     Visitation Claim

Defendants also contend plaintiff's request for injunctive relief to provide unspecified "accommodations necessary to facilitate visitation as required by law" are barred by *Armstrong v. Wilson* which resulted in a remedial plan approved by the court.  The Plan provides that

"[r]easonable accommodations shall be afforded for inmates with disabilities to facilitate their full participation in visiting." Plan at p. 28. Defendants argue that plaintiff is a member of the class to which *Armstrong* applies (all present and future California state prison inmates with mobility, sight, hearing, learning or kidney disabilities) and therefore he must pursue his requests for injunctive relief via the consent decree or through class counsel.

Plaintiff contends that he does not seek to reopen the *Armstrong* case or to relitigate the class action. Plaintiff is seeking individual relief, including injunctive relief and money damages for violations of the ADA and the Rehabilitation Act. Plaintiff points out that the Plan does not address money damages caused by defendants' violations of the ADA. Plaintiff also argues that the Plan contemplated judicial intervention by class plaintiffs seeking to enforce provisions of the Plan if informal resolution failed. Plaintiff states that he has exhausted all requirements for informal resolution through the administrative appeals process.

On a motion to dismiss, the court is required to ". . . read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School District, 37 F.3d 517, 521 (9th Cir. 1994). Construing the allegations in the complaint in the light most favorable to plaintiff, the court finds that plaintiff's allegations that he was denied the benefits of the visitation program based on his disability are sufficient to state claim under the ADA.

**C.     Third Claim for Relief - Abuse of Dependent Adult - Cal.Wel. & Inst. Code § 15600.**

Plaintiff's third claim is based on the Elder Abuse and Dependant Adult Civil Protection Act. Plaintiff alleges that defendants "were entrusted with the sole custodial care of plaintiff but failed to provide plaintiff with adequate medical care and plaintiff consequentially suffers from abuse and neglect."

Defendants argue that plaintiff fails to state a claim because he fails to include any specific allegations regarding neglect on their part.  Defendants argue plaintiff's allegations are limited to a few overbroad generalizations and conclusions.

Construing the allegations in the complaint in the light most favorable to plaintiff, the court finds that plaintiff's allegations are sufficient pursuant to Rule 8's notice pleading standards and therefore defendants' motion should be denied.  However, based on the arguments and representations at the hearing, plaintiff may clarify his allegations in his amended complaint.

**C.     Conclusion**

Based on the foregoing, the Court recommends that defendants motion to dismiss be granted in part.  Defendants motion to dismiss Claim Three should be denied and defendants' motion to dismiss Claims One and Two should be granted as discussed in this recommendation.  Plainitff should be granted leave to file an amended complaint to cure the deficiencies identified herein.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2008**                    **/s/ Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE