IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTINEZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. CV-F-07-996 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION TO DISMISS |

Plaintiff is a state prisoner and proceeding with counsel in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint upon which this action proceeds on July 12, 2007. On June 20, 2008, defendants filed a motion to dismiss. Plaintiff filed an opposition on July 17, 2008 and defendants filed a reply on August 1, 2008. The motion was referred to the undersigned on August 1, 2008. The Court held a hearing on September 26, 2008. Attorney K. Karan appeared for plaintiff and attorney David Carrasco appeared for defendants.

## BACKGROUND

Plaintiff is serving a life sentence at California State Prison Corcoran (CSP-COR) in the Acute Care Hospital (ACH). Plaintiff is a quadriplegic and an insulin dependant diabetic. Plaintiff filed a complaint on July 12, 2007 alleging various violations of his right to medical care. His

claims include: (1) Violation of Civil Rights § 1983; (2) Violation of the Americans with Disabilities Act (ADA); (3) Abuse of Dependent Adult (Cal. Welf. & Inst. Code 15600 et. seq.); (4) Defamation (Cal. Civ. Code §44 et. seq); (5) Conspiracy §§1985; 1986; (6) Intentional Infliction of Emotional Distress; (7) Medical Negligence; (8) Assault; and (9) Battery.

The named defendants are the State of California, James Tilton, Derral Adams, Dr. William McGuinness, Barbara Brewer, M. Nunez, Linda De Leon, Candace Davis, Frances Garza, C. Garcia, P. Sena, L. Bradley and K. Carter (collectively "Defendants").

On May 5, 2008, the District Court adopted the undersigned's recommendation to dismiss Claims One and Two with leave to amend. On May 19, 2008, Plaintiff filed an Amended Complaint.

Defendants filed this Motion to Dismiss on June 20, 2008 challenging the First, Second, Third and Seventh claims in the Amended Complaint.

**DISCUSSION**

**A. Motion to Dismiss Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement

must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

**B.      First Claim for Relief - Violation of Civil Rights - 42 U.S.C. § 1983**

In the first claim, Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendants argue: (1) Plaintiff fails to state a claim against the supervisorial defendants (Tilton, Adams, McGuinness); and (2) Plaintiff fails to state a claim against defendant De Leon, a social worker assigned to assist Plaintiff.

*1.      Defendants Tilton, Adams and McGuinness*

At ¶121 of the Amended Complaint, Plaintiff alleges:

> Defendant Tilton was personally aware of the allegations herein. In particular, Tilton received a report dated 1/22/07, describing failures and refusals to treat plaintiff for autonomic dysflexia; a report dated 1/31/07, describing untreated gastroparesis, untreated

> abnormal blood sugars, untreated neurogenic pain and frequent bladder infections . . . Report dated April 20, 2007 describing defendants Brewer's abuse and neglect of plaintiff . . . A report dated May 3, 2007 describing defendants Bradley and Sena's acts of retaliation and cruelty against plaintiff . . . a report dated June 18, 2007 describing the failure of defendants to comply with court orders to provide the constitutionally mandated level of medical care for plaintiff . . . a report dated June 11, 2007 describing retaliation by defendant Bradley against plaintiff for reporting abuse . . . a report dated June 18, 2007 describing failures by medical staff to properly manage plaintiff's diabetes . . .

Plaintiff's allegations against Defendants Adams and McGuinness are similar in that he relies on their receipt of numerous reports in claiming these defendants were "personally aware" of the allegations in the complaint. *See* Amended Complaint ¶¶ 122, 123.

"[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Plaintiff's argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Plaintiff has not alleged sufficient facts indicating that defendants Tilton, Adams or McGuinness personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  While plaintiff references a vague policy of "ignoring reports of constitutional behavior" in opposition to this motion, it is not clearly identified in the complaint such that plaintiff claims the policy "'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  Even if defendants ignored the reports regarding plaintiff, there are no allegations that this led to the deprivation of plaintiff's constitutional rights.  Plaintiff simply has not alleged sufficient personal participation by these defendants to state a claim.  The § 1983 claims against Tilton, Adams and McGuinness should therefore be dismissed without leave to amend because the Court previously dismissed the claims against the supervisorial defendants for the same reasons and plaintiff was unable to cure the deficiencies.

       *2.*     *Defendant De Leon*

Defendants argue that plaintiff's allegations against defendant De Leon, "a social worker assigned to assist plaintiff within the scope of her employment" fail to state a claim under §1983. Defendants point out that there are no allegations in the complaint regarding De Leon's failure to provide medical care and the only allegation in the complaint regarding De Leon is in the Defamation claim wherein plaintiff alleges that De Leon "stated that Plaintiff sexually harassed her. These statements are false." Amended Complaint ¶ 181.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson

v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

While Plaintiff brings his § 1983 claim against "all individual Defendants," the only specific allegation against defendant De Leon is included in the Defamation claim. It is clear that verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Because Plaintiff has not made allegations of a constitutional tort against defendant De Leon, she should be dismissed from the §1983 claim.

B.  **Second Claim for Relief - Violations of the Americans with Disabilities Act and Injunctive Relief**

Plaintiff has amended his second claim for violation of the ADA to include claims relating to visitation, exercise programs, the grievance process, law library services, work time credits and educational programs. Plaintiff requests compensatory and punitive damages. Defendants challenge plaintiff's ability to make these claims and his claim for punitive damages and injunctive relief.

*1.    Punitive Damages*

Defendants correctly argue that punitive damages are not available under the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Accordingly, plaintiff's claim for punitive damages based on violation of the ADA should be dismissed.

*2.    Injunctive Relief and Visitation Claims*

Defendants again argue that plaintiff's ADA claims for injunctive relief are barred by *Armstrong v. Wilson* and that his claims relating to the denial of visitation are not ADA claims because they do not relate to accommodations. The Court previously denied Defendants' motion to dismiss on these grounds stating, "[c]onstruing the allegations in the complaint in the light most

favorable to plaintiff, the court finds that plaintiff's allegations that he was denied the benefits of the visitation program based on his disability are sufficient to state claim under the ADA." March 20, 2008 Findings and Recommendation, p.7:17-19. The allegations in the Amended Complaint are similar and Defendants have not presented a convincing argument to change the prior ruling on this claim.

    3.    *Exercise, Grievance Process and Law Library Claims*

In the Amended Complaint, Plaintiff has added ADA claims regarding exercise, the grievance process and the law library. Defendants argue that he has not set forth the nature of the programs nor the accommodations that he was allegedly denied.

The Court finds that at the pleading stage plaintiff's allegations regarding exercise, the grievance process and law library access are sufficient to state a claim under the ADA. Plainitff has alleged that "[a]daptive devices are available that permit a person in plaintiff's condition to take part in exercise, occupational and recreational therapy. The devices are denied to Plaintiff." Amended Complaint ¶ 140. Plaintiff also alleges that he has requested accommodations for access to institutional services, programs and activities, which he is otherwise qualified to participate in but Defendants have refused to provide the accommodations. *See* Amended Complaint ¶¶ 146 - 148. Defendants may ultimately prevail on their arguments that plaintiff's requests for accommodations are not reasonable or necessary, however, at this stage of the pleadings, the allegations are sufficient to state a claim.

    4.    *Funding Claims*

Plaintiff has again included allegations regarding funding in his ADA claim. The Court previously found that to the extent plaintiff's claims were claims for "injunctive relief covered in the remedial plans for *Plata*" they are barred by *Plata v. Schwarzenegger*, United States District Court Case No. C01-1351. This order remains as to any such claims in the Amended Complaint.

In the Amended Complaint, Plaintiff alleges that "[d]efendants have refused to secure funding necessary to fulfill Defendants' obligation to Plaintiff." Amended Complaint ¶ 151.

Defendants make the new argument that these allegations fail because none of the defendants can be held responsible for funding decisions in the prison system.

Defendants' argument goes to matters which are outside the pleadings and therefore do not support dismissal of the Plaintiff's ADA claim in its entirety.  Moreover, the Court construes Plaintiff's allegations regarding Defendants' failure to secure funding necessary to fulfill their obligations to plaintiff as support for his claims of denial of the other programs and not separate claims.

**C.    Third Claim for Relief - Abuse of Dependent Adult - Cal.Wel. & Inst. Code § 15600.**

Plaintiff's third claim is against all Defendants and is based on California's Elder Abuse and Dependant Adult Civil Protection Act.  *See* Cal.Wel. & Inst. Code § 15600 et.seq.  Plaintiff alleges that Defendants "were entrusted with the sole custodial care of plaintiff but failed to provide plaintiff with adequate medical care and plaintiff consequentially suffers from abuse and neglect as alleged herein."  Amended Complaint, ¶ 165.

Defendants argue that Plaintiff fails to state a claim against defendants Tilton and Adams because neither of these defendants are "care custodians" under the Act, or provided care or custody so that they can be found liable for "neglect" under the Act.  Defendants also argue that the State of California is immune from this claim under California Government Code Section 844.6 which states, "[a] public entity is not liable for . . . [a]n injury to any prisoner."

Plaintiff does not address California Government Code Section 844.6 in his opposition and the Court has found no authority to suggest that Section 844.6 is not applicable to claims under the Elder Abuse and Dependant Adult Civil Protection Act.  Accordingly, the State of California should be dismissed from this claim.

However, construing the allegations against Tilton and Adams in the light most favorable to plaintiff, as in the prior order, the court finds that plaintiff's allegations are sufficient pursuant to Rule 8's notice pleading standards and therefore Defendants' motion should be denied as to these defendants.

### C.   Seventh Claim for Relief - Medical Negligence

Defendants argue that Plaintiff's seventh claim for medical negligence fails against the non-medical Defendants (Tilton, Adams, McGuinness and De Leon) and the State of California. *See* Government Code Section 844.6.

Plaintiff agrees that this claim is limited to health care providers. Accordingly Defendants Tilton, Adams and De Leon should be dismissed from this claim. Pursuant to Government Code Section 844.6, the State of California should also be dismissed form this claim. Plaintiff's allegations against defendant McGuinness as the Chief Medical Officer are sufficient to state a claim for medical negligence as a health care provider.

### **CONCLUSION**

Based on the foregoing, the Court recommends that defendants motion to dismiss be granted in part as follows:

1. Defendants motion to dismiss Claim One against defendants Tilton, Adams, McGuinness and De Leon should be GRANTED;
2. Defendants' motion to dismiss Claim Two should be DENIED; however, Plaintiff's claim for punitive damages as to his ADA claim should be DISMISSED;
3. Defendants' motion to dismiss Claim Three should be GRANTED as to the State of California and DENIED as to defendants Tilton and Adams; and
4. Defendants' motion to dismiss Claim Seven should be GRANTED as to defendants Tilton, Adams, De Leon and the State of California and DENIED as to defendant McGuinness.

The dismissals should be without leave to amend because Plaintiff was already given the opportunity to file an amended complaint and was unable to cure the deficiencies discussed in this recommendation.

1
2      These Findings and Recommendations will be submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days
4  after being served with these Findings and Recommendations, the parties may file written objections
5  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
8  1991).
9
10     IT IS SO ORDERED.
11        Dated:    October 4, 2008                    /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE