IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. CV-F-07-996 AWI DLB<br><br>ORDER REGARDING DISCOVERY DISPUTES<br>[Docs. 60, 65, 66, 70, 82] |

Plaintiff is a state prisoner and proceeding with counsel in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the amended complaint upon which this action proceeds on May 19, 2008. On October 14, 2008, Plaintiff filed a motion for leave to take additional depositions. On October 29, 2008, Plaintiff filed a motion to modify the scheduling order regarding the deadline to disclose experts. On October 30, 2008, Defendants filed a motion to compel further responses to written discovery. The motions were heard on November 21, 2008 before the undersigned. Ken Karan appeared for Plaintiff and David Carrasco appeared for Defendants.

**BACKGROUND**

Plaintiff, a quadriplegic and an insulin dependant diabetic, has been incarcerated at the Acute Care Hospital (ACH) at CSP-COR. Plaintiff filed a complaint on July 12, 2007 alleging various violations of his right to medical care. His claims are: (1) Violation of Civil Rights § 1983; (2) Violation of ADA; (3) Abuse of Dependant Adult (CA Welf. & Inst Code 15600 et. Seq.); (4) Defamation (Ca Civ

1

Code §44 et. seq.; (5) Conspiracy §§1985 and 1986 and (6) Intentional Infliction of Emotional Distress

The named defendants include senior managers of the CDCR; the Director of the California Department of Finance; the warden; the chief medical officer of CSP-COR; and various medical and custodial staff at the ACH at CSP-COR.

On October 4, 2008, the Court issued Findings and Recommendations recommending that Defendants' motion to dismiss be granted in part. Neither party filed objections to the recommendations. On November, 18, 2008, the case reassigned to the undersigned for all purposes. Because the Findings and Recommendations were issued prior to the reassignment, the District Judge will issue an order resolving the motion to dismiss.

On October 14, 2008, Plaintiff filed a motion seeking leave of court to take additional depositions. Plaintiff seeks to take an additional 16 depositions, beyond the 10 depositions permitted by Federal Rule of Civil Procedure 30(a)(2)(A). Defendants filed an opposition to the motion on October 21, 2008 and November 4, 2008. Plaintiff filed a reply on November 8, 2008.

On October 29, 2008, Plaintiff filed a motion to modify the scheduling order regarding the November 7, 2008 deadline for disclosure of expert witnesses. Defendants filed an opposition to the motion on November 18, 2008.

On October 30, 2008, Defendants filed a motion to compel further responses to interrogatories and requests for documents served on September 3, 2008. On November 18, 2008, Defendants filed a Statement of Discovery Disagreements outlining the specific responses at issue. Plaintiff filed an opposition to the motion on November 18, 2008.

**DISCUSSION**

**A.   Plaintiff's Motion for Leave to Take Additional Depositions**

Plaintiff seeks leave to take 16 additional depositions, six of which are defendants in this action. Counsel states that he has "discovered" a document in which approximately 49 health care providers documented their disapproval of Plaintiff's medical and nursing care plan with the stated intention of denying Plaintiff that health care. Counsel states that each of these health care providers is a potential witness.

Defendants argue that Plaintiff has failed to make a particularized showing regarding the need

2

for these depositions.

A stipulation or court order is required if proposed depositions would result in more than 10 depositions being taken by the deposing party's side. Fed.R.Civ.P. 30(a)(2)(A)(I). More than 10 depositions per side must be justified under the "benefits v. burdens" approach of Rule 26(b)(2). Adv. Comm. Notes on 1993 Amendments to FRCP 30(a)(2).

As discussed at the hearing, granting Plaintiff leave to depose the remaining defendants will prevent delays at both the dispositive motion stage and trial. Further, given the complex nature of Plaintiff's medical condition and the number of individuals involved in his care, leave to go beyond the number of depositions permitted by the rule is warranted. Accordingly, plaintiff will be granted leave to depose the defendants identified in his motion, as well as four (4) additional witnesses.

**B.      Plaintiff's Motion to Modify Scheduling Order re Experts**

Plaintiff moves for an order modifying the scheduling order to extend the deadline for disclosure of expert witnesses. Plaintiff has designated his experts but was unable to produce expert reports in compliance with the November 7, 2008 deadline. Plaintiff represents that he produced two of the three reports. The third report is that of a mental health professional. Plaintiff states that in order to address issues raised by the Defendants at their recent depositions, Plaintiff intends to introduce the testimony of a psychiatrist. Plaintiff states that a mental health exam requires personal interaction between Plaintiff and the expert. Because of the remote location of Plaintiff's confinement, any expert will be required to travel a great distance to conduct an exam and evaluation. Plaintiff has identified the appropriate expert and now must make arrangements for the examination.

Defendants oppose the motion arguing Plaintiff has not shown diligence in meeting the expert disclosure deadline and thus cannot show good cause for the modification. Defendants point out that Plaintiff pled a cause of action for emotional distress in his original complaint and in his first amended complaint and thus has had a year and a half to decide whether to retain an expert psychiatrist.

Federal Rule of Civil Procedure 16(b) provides that a "schedule shall not be modified except by leave of court and upon a showing of good cause." Fed.R.Civ.P. 16(b); Zivkovic v. Southern Calif. Edison Co., 302 F.3d 1080, 1087-1088 (9th Cir. 2002)[modification properly refused where party failed to show diligence in complying with schedule or good cause for modifying scheduling order].

3

The Court finds that given the obstacles inherent in representing an incarcerated party and the lack of prejudice to Defendants, there is good cause for a short extension of the deadline to designate experts, limited to Plaintiff's submission of his mental health expert's report. Plaintiff timely identified his experts but was unable to provide one of three reports, which is excusable given the circumstances. As discussed at the hearing, the deadlines in this case will likely have to be extended in any event, due to the additional depositions and reassignment of the case to the undersigned. Accordingly, Plaintiff shall submit his expert report on or before December 8, 2008. Defendants shall have until January 7, 2009 to supplement their expert designation in response to this report. Plaintiff shall submit to a mental examination pursuant to Federal Rule of Civil Procedure 35 pursuant to terms and conditions that the parties shall agree upon. The parties shall meet and confer regarding further modifications of the schedule.

**C.      Defendants' Motion to Compel Further Responses to Written Discovery Requests**

Defendants move to compel further responses to interrogatories and requests for documents served September 3, 2008. After an extension of time, Plaintiff served responses on October 27, 2008. Defendants' counsel received supplemental responses from Plaintiff on November 18, 2008.

At the hearing, counsel represented that Plaintiff's supplemental responses addressed most of the issues which are the subject of this motion. The parties shall meet and confer regarding any remaining issues. Should the parties be unable to resolve the remaining disputes, this motion shall be placed back on calendar on shortened time.

**CONCLUSION**

Based on the foregoing, the Court HEREBY ORDERS:

1. Plaintiff's motion for leave to take additional depositions is GRANTED IN PART. Plaintiff is granted leave to depose the defendants identified in his motion, as well as four (4) additional witnesses, at dates and times to be agreed upon;

2. Plaintiff's motion to modify the scheduling order is GRANTED. Plaintiff shall submit his expert report on or before December 8, 2008. Defendants shall have until January 7, 2009 to supplement their expert designation in response to this report. Plaintiff shall submit to a mental examination pursuant to Federal Rule of Civil Procedure 35 under

terms and conditions to be agreed upon.  The parties shall meet and confer regarding further modifications of the schedule; and

3. Defendants' motion to compel further responses to written discovery is DENIED as moot.  Defendants may place the motion back on calendar on shortened time should the parties be unable to resolve the remaining issues.

IT IS SO ORDERED.

Dated:   **December 3, 2008**                    _____**/s/ Dennis L. Beck**_____
                                                                    UNITED STATES MAGISTRATE JUDGE