IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTINEZ, | CASE NO. 1:07-cv-00996 DLB |
| Plaintiff, | ORDER REGARDING EX PARTE APPLICATION FOR ORDER COMPELLING PSYCHIATRIC EXAMINATION |
| vs. | (Doc. 98) |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a state prisoner and proceeding with counsel in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the amended complaint upon which this action proceeds on May 19, 2008. On January 12, 2009, Defendants filed an *ex parte* application for an order compelling Plaintiff to submit to a psychiatric examination by Defendants' expert on January 19, 2009. Plaintiff filed a declaration in opposition to the motion to compel on January 12, 2009.

**BACKGROUND**

Plaintiff, a quadriplegic and an insulin dependant diabetic, has been incarcerated at the Acute Care Hospital (ACH) at CSP-COR. Plaintiff alleges various violations of his right to medical care. His claims are: (1) Violation of Civil Rights § 1983; (2) Violation of ADA; (3) Abuse of Dependant Adult (CA Welf. & Inst Code 15600 et. Seq.); (4) Defamation (Ca Civ Code §44 et. seq.; (5) Conspiracy §§1985 and 1986; (6) Intentional Infliction of Emotional Distress; (7) Medical Negligence; (8) Assault; and (9) Battery. The named defendants include senior managers of the CDCR; the Director of the California Department of Finance; the warden; the chief medical officer of CSP-COR; and various medical and custodial staff at the ACH at CSP-COR.

On October 29, 2008, Plaintiff filed a motion to modify the scheduling order regarding the

deadline for disclosure of expert witnesses. Defendants filed an opposition to the motion. On December 3, 2008, the Court issued a ruling granting Plaintiff's motion to modify the scheduling order and allowing submission of his expert report on or before December 8, 2008. The Court also ordered Plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35 pursuant to terms and conditions that the parties agreed upon.

On January 12, 2009, Defendants' filed the instant *ex parte* application to compel Plaintiff to submit to a psychiatric examination. Defendants request that the Court order Plaintiff to submit to the psychiatric examination for up to eight hours. Defendants' expert reportedly indicated that, allowing for breaks as needed by Plaintiff, the exam would take no less than four to five hours, but could take as many as eight hours. Declaration of David A. Carrasco in Support of Application for Order Compelling Psychiatric Examination, ¶ 17. Defendants' expert is scheduled to conduct the proposed examination on January 19, 2009.

Plaintiff filed an opposition to the *ex parte* application on January 12, 2009. Plaintiff does not object to the examination by Defendants' expert. Instead, Plaintiff objects to the length of time of the exam due to Plaintiff's fragile condition. Declaration of Ken I. Karan in Reply to Defendants' Ex Parte Application ("Karan Dec."), ¶ ¶ 5, 6. Plaintiff requests that the court either limit the length of the exam or require that the exam be conducted over two days. Karan Dec., ¶ 9.

Having considered the papers submitted by the parties and given the Plaintiff's medical condition, the Court HEREBY ORDERS:

1. Defendants' *ex parte* application for order compelling psychiatric examination is GRANTED in part. As previously ordered, Plaintiff shall submit to a psychiatric examination pursuant to Federal Rule of Civil Procedure 35.

2. The psychiatric examination of Plaintiff by Defendants' expert shall not exceed six (6) hours with breaks as needed by Plaintiff.

IT IS SO ORDERED.

Dated:   **January 13, 2009**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE