1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN MARTINEZ,                          CASE NO. 1:07-cv-00996 DLB

12                       Plaintiff,        _____ORDER RE DEFENDANTS'
                                           MOTION TO DISMISS
13          vs.                            (Document 101)

14   STATE OF CALIFORNIA, et al.,

15                       Defendants.
     _____/

16

17          Defendants filed the instant motion to dismiss on January 16, 2009.  Plaintiff Steven

18   Martinez ("Plaintiff") filed an opposition on February 3, 2009.  The motion was heard on February

19   20, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Ken Karan

20   appeared telephonically on behalf of Plaintiff Steven Martinez.  David A. Carrasco appeared on

21   behalf of Defendants.

22                              **BACKGROUND**

23   _____Plaintiff is a state prisoner proceeding with counsel in a civil rights action pursuant to 42

24   U.S.C. § 1983.  Plaintiff is serving a life sentence at California State Prison Corcoran (CSP-COR) in

25   the Acute Care Hospital (ACH).  He is a quadriplegic and an insulin dependent diabetic.  Plaintiff

26   filed his initial complaint on July 12, 2007, alleging various violations of his right to medical care.

27          On October 19, 2007, Defendants filed a motion to dismiss the initial complaint.  Findings

28   and recommendations were issued on March 20, 2008, which recommended that Defendants' motion

                                           1

to dismiss be granted in part and denied in part with leave to amend.  On May 5, 2008, the Court adopted the findings and recommendations.

On May 19, 2008, Plaintiff filed a First Amended Complaint ("FAC").  His claims are: (1) Violation of Civil Rights (42 U.S.C. § 1983) based on the Eighth and Fourteenth Amendments to the United States Constitution; (2) Violation of the Americans with Disabilities Act ("ADA"); (3) Abuse of Dependent Adult (CA Welf. & Inst. Code 15600 et. seq.); (4) Defamation; (5) Conspiracy (42 U.S.C. §§1985 and 1986); (6) Intentional Infliction of Emotional Distress; (7) Medical Negligence; (8) Assault; and (9) Battery.[1]

On June 20, 2008, Defendants filed a motion to dismiss the FAC.  In October 2008, findings and recommendations were issued on the motion.  On November 26, 2008, the Court adopted the findings and recommendations, which granted in part and denied in part the motion to dismiss the FAC.  Plaintiff was not granted leave to amend.

On December 3, 2008, Defendants filed an answer to the FAC.

On January 16, 2009, Defendants filed the instant motion to dismiss based on the failure to exhaust available administrative remedies.  Plaintiff filed an opposition on February 3, 2009, and Defendants filed a reply on February 13, 2009.

**II.     Defendants' Motion to Dismiss**

Defendants contend that Plaintiff failed to exhaust administrative remedies concerning the claims asserted in his "General Factual Allegations," which are incorporated by reference into each cause of action.  Defendants argue that Plaintiff either did not submit an appeal concerning the claims or, if he did, he did not pursue it to the final level of administrative review.  Defendants also argue that "of claims that [Plaintiff] did exhaust, he did so only after he filed this action." Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss, p. 2.

///

///

---

[1]Plaintiff also has filed a motion to amend the complaint.  Plaintiff seeks to add a formal cause of action for retaliation and to add additional parties.  The motion is scheduled for hearing on March 27, 2009.

**A.     Exhaustion Requirement**

      **1.     PLRA**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

      **2.  State Law Claims**

The parties dispute whether state law claims must be exhausted. Plaintiff argues that the only administrative remedy for state law claims provided by statute is the California Tort Claims Act ("CTCA"). Plaintiff contends that he has satisfied the CTCA.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal.

Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Despite CTCA requirements, Defendants urge that state common law requires Plaintiff to exhaust the administrative appeal process concerning his state claims.  Defendants cite Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941), County of Los Angeles v. Farmers Ins. Exchange, 132 Cal.App. 3d 77, 85-86 (1982) and Rojo v. Kliger, 52 Cal.3d 65, 86 (1990).  As Plaintiff notes, these cases are distinguishable from the instant action.  Abelleira involved claims under the Unemployment Insurance Act, while Farmers Ins. Exchange concerned claims before the Insurance Commissioner, and Rojo addressed claims under the Fair Employment and Housing Act.

In support of their position, Defendants also cite cases where the requirement that administrative remedies be exhausted was applied to grievances lodged by prisoners.  Defendants refer the court to In re Dexter, 25 Cal.3d 921, 925 (1979).  In re Dexter involved administrative review of the Community Release Board's action in enhancing the prisoner's term of imprisonment.  The court indicated that the California Administrative Code provided a three-level system of administrative appeals from all decisions of the CRB.  Id. at 925.  The Court finds the instant matter distinguishable as it does not involve actions of the Community Release Board.

Defendants also cite Wright v. State of California, 122 Cal.App.4th 659, 667-68 (2004), In re Serna, 76 Cal.App.3d 1010, 1014 (1978) and In re Muszalski, 52 Cal.App.3d 500, 504 (1974) to support their position extending the exhaustion requirement to Plaintiff's state law claims.  However, courts in this district considering PLRA exhaustion have not applied similar requirements to supplemental state law claims.  Cases involving tort claims, such as those asserted here for negligence, assault, and battery, reference California's Tort Claims Act.  See, e.g., Brown v. Yates, 2008 WL 928119, * 3 (E.D.Cal. April 4, 2008) (applying Tort Claims Act to prisoner's state law tort

4

claim for negligence); Fuller v. California Dept. of Corrections, 2008 WL 619159, *12-13 (E.D.Cal. March 4, 2008). Defendants have not pointed to contrary federal decisions.

Defendants also have not submitted any evidence to support the dismissal of Plaintiff's state law claims based on the CTCA. However, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### B.   Discussion

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). CDCR also has a process which allows inmates with disabilities to request a reasonable modification or accommodation by submitting a CDC Form 1824. Id. at § 3085(a). Inmates may appeal any decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and submitting it to the second formal level of review. Id. § at 3085(b). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at

1199-1201.

1.  Plaintiff's General Opposition to Motion to Dismiss

Plaintiff asserted several general arguments in opposition to the exhaustion requirement. The Court first addresses those arguments.

a.  The Appeals Process

Plaintiff contends that the CDCR appeals process is extremely cumbersome and starts with the proposition that inmates have the ability to write their own appeals. Plaintiff argues that the accommodations provided to Plaintiff for scribing are inconsistent and are often subject to the whim of the staff. Sometimes he must ask a nurse and sometimes he must submit a written request for a counselor. He also relies on his attorney or his parents. Further, Plaintiff must "publish to the staff" the nature of his complaints, usually directed at staff, and the lack of confidentiality "subjects the chain of custody of the appeals to mischief." Opposition, p. 4. Plaintiff also objects because the rules for filing appeals limits submissions to one appeal for every 10 days. As a result of the limits, he is forced to delay submitting appeals. Plaintiff additionally indicates that when he makes demands for damages, CDCR returned, delayed and denied appeals on the grounds that such relief was not available.

Plaintiff may demonstrate exhaustion by showing that he submitted an appeal and encountered a situation in which the process was rendered unavailable. E.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.

2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted). Accordingly, Plaintiff must demonstrate that he attempted to utilize the process by appealing the claims at issue in his suit and was thwarted through no fault of his own. Plaintiff's general assertions are insufficient and he does not provide the Court with specific instances, dates and/or grievances in which scribing issues, limitations on the number of appeals, or a request for damages prevented him from pursuing and exhausting multiple appeals regarding his medical issues.

In contrast, Defendants point to the number of grievances filed by Plaintiff to demonstrate that the appeals process was not rendered unavailable to Plaintiff. According to Defendants, Plaintiff has filed 158 administrative appeals while housed at CSP-Corcoran at a rate of over two each month and has completed the administrative process for 32 appeals. Declaration of J. Jones in Support of Motion to Dismiss ("Jones Dec."), ¶ 5. Defendants also report that of the nearly 5,700 inmates at CSP-Corcoran, Plaintiff is among the ten inmates who file appeals most frequently. Declaration of J. Jones in Reply ("Jones Reply Dec."), ¶ 3. Defendants identify a sampling of nursing care records related to hours spent scribing and a sampling of Plaintiff's appeals that commonly requested $1,000,000 or more in damages, including grievances taken to the Director's level. Declaration of L. Lowery in Reply ("Lowery Reply Dec."), ¶¶ 3-5; Reply, p. 6.

2. Due Diligence

Plaintiff next contends that the Court should consider the timeliness of the instant motion to dismiss because most of the issues now being raised have been present for a year and a half or a year. Plaintiff asserts that the motion should be denied for lack of due diligence by Defendants. Plaintiff also asserts that Defendants did not raise the issue of exhaustion in their answer. As noted, Section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d at 1119.

1   Defendants respond that their answer to the FAC contains an affirmative defense related to

2   exhaustion.  In the answer to the FAC filed on December 3, 2008, the second affirmative defense

3   states:  "Defendants failed to exhaust administrative remedies before filing this action."  Answer, p.

4   7.  Although the answer indicates that Defendants, and not Plaintiff, failed to exhaust, the Court

5   understands Defendants to plead failure to exhaust as an affirmative defense.

6   Defendants also argue that they did not lack diligence, bringing the instant motion to dismiss

7   in January 2009, the month after filing their answer to the FAC.  Defendants assert that filing the

8   motion sooner was impractical because Plaintiff filed his amended complaint in May 2008, and the

9   Court did not issue an order on the previous motion to dismiss until November 2008.  Given the

10  length of time necessary to resolve the previous dismissal motion, the Court does not find that

11  Defendants lacked due diligence.

12      3.      Specific Allegations

13  Defendants identify specific allegations in the FAC that they allege have not been exhausted

14  to the Director's level.

15          a.   Plaintiff's claims regarding delayed provision of medical specialists, improperly
                 prescribed medications, and failure to control his glucose levels and diabetes.
16
    Plaintiff alleges that "Defendants deny or delay providing consults with specialists such as
17
    physiatrists, gastroenterologists, urologists, diabetologists, opthemologists [sic], physical therapists,
18
    and podiatrists who can identify, treat and monitor medical conditions before they become life-
19
    threatening."  FAC, ¶ 60.  "Medications are being prescribed without regard to the contraindications
20
    placing [his] health and safety at risk."  FAC, ¶ 67.  "Defendants do not properly control [his] blood
21
    glucose levels which is causing his liver functions to deteriorate and puts him at risk of amputation
22
    of his extremities."  FAC, ¶ 68.  Defendants have failed to treat his gastroparesis which can occur in
23
    people with Type 1 diabetes and have caused damage to his vagus nerve by allowing his blood
24
    glucose levels to remain high over a long period of time.  FAC, ¶ 69.  Defendants have failed to treat
25
    complications from his diabetes.  FAC, ¶ 92.
26
    Defendants contend that Plaintiff pursued no appeals to the Director's level that bear on the
27
    claims he asserts in these paragraphs of the FAC.  Plaintiff counters that he submitted a
28

comprehensive medical appeal, which Defendants "bifurcated" and mishandled (identified as 06-1471 and 06-1472 by Defendants). Plaintiff argues that because of the bifurcation, the appeal was subject to two tracks. In the first track, the appeal was submitted to the Director and denied. However, in the second track, the appeal was screened out as untimely. Def. Ex. 16 and 91. Plaintiff essentially argues that the Director's decision to not address all of the issues when presented with the appeal should not prejudice him.

Defendants explain that the appeal was bifurcated because it raised medical and custody issues that needed to be addressed by staff in different units. Defendants contend that bifurcation of issues is a practice that Inmate Appeals Board ("IAB") condones statewide. Declaration of Nola Grannis in Reply ("Grannis Reply Dec."), ¶ 6. The Appeals Coordinator bifurcated the appeal and assigned separate log numbers. The medical issues were to be addressed on appeal in 07-1471 and the custody issues were to be addressed on appeal in 07-1472. Def. Ex. 16 and 91. Plaintiff only submitted the custody issues identified in appeal 07-1472 to the Director's level. Def. Ex. 16.

Plaintiff further argues that in the second track (07-1471 dealing with medical issues), Defendants failed to timely respond to the appeal. Plaintiff reports that the appeal was returned to him on May 31, 2007, which was 57 days after completion and 16 days late. Def. Ex. 91, p. 268. Plaintiff asserts that as a result of the failure of CDCR to comply with its process for appeals, he exhausted available remedies. Plaintiff's assertion is without merit. The Court has acknowledged decisions holding that exhaustion occurs when prison officials fail to respond to grievances in a timely manner. See, e.g., Boyd, 380 F.3d at 996 (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance). However, this is not a situation in which prison officials failed to respond within the applicable time limits and the prisoner filed suit after failing to receive a response. In this case, Plaintiff received a level one response to his appeal and pursued it to the second level *before* he filed the instant action. Def. Ex. 91, p. 268, 274-75. Thereafter, Plaintiff received the second level response to this appeal on August 14, 2007, and did not seek a Director's level decision until January 10, 2008. IAB screened out the appeal as untimely. Def. Ex. 91; Grannis Reply Dec., ¶ 7.

Plaintiff next argues that he has provided sufficient notice with other appeals regarding

medical issues. By way of example, Plaintiff references appeal 07-5092, and contends that it relates to his claims regarding lack of consults compared to previous treatments, his blood sugar levels and his condition of gastroparesis. Def. Ex. 20, pp. 60-63. Plaintiff's reliance on appeal 07-5092 is misplaced. This appeal was denied at the Director's level on June 9, 2008, which was after Plaintiff filed the instant action on July 12, 2007. Def. Ex. 20, p. 61. As discussed more fully below, 07-5092 does not satisfy the exhaustion requirement because exhaustion must occur *prior* to filing suit. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201.

In citing appeal 07-5092, Plaintiff further contends that the appeal demonstrates the problems he faces in processing his claims. Plaintiff explains that the Appeals Coordinator tried to screen the appeal as untimely. However, because he had an attorney, he was able to point out the error that it was not untimely because the circumstances of the appeal were ongoing. Plaintiff indicates that he otherwise would have been denied the opportunity to exhaust his appeal. Def. Ex. 20, p. 63. This argument is unavailing as Plaintiff is represented by counsel and, in fact, was able to complete the administrative review process for this appeal.

Plaintiff also argues that the standard for notice of a governmental claim should be applied to the CDCR appeal process and the claim need not contain the detail and specificity required of a pleading. Plaintiff cites Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 446 (2004) to support the proposition that he need only fairly describe what the entity is alleged to have done. Defendants suggest that Plaintiff's argument under Stockett is flawed because it disregards established federal law, relies on state law and misrepresents the holding in Stockett. Defendants assert that under Stockett, Plaintiff should not be allowed to argue that he was not required to pursue certain claims through the administrative process because he gave notice of them by exhausting other claims concerning acts or omissions committed at a different time or by different persons.

Stockett is not determinative. The exhaustion requirement allows "a prison to address complaints about the program it administers before being subjected to suit . . . ." and "[t]he level of detail necessary in a grievance" to satisfy the exhaustion requirement depends on the prison's requirements, not on section 1997e(a). Jones, 549 U.S. at 218-19. In this instance, the applicable

regulation provides that an inmate "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Tit. 15, § 3084.1(a). The form inmates are required to utilize requests that the inmate describe the problem and the action or modification/accommodation requested. Id. at §§ 3084.2(a), 3085; Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005) (reasonable modification/accommodation form did not require identification of specific individuals).

The Court declines to deviate from decisions in this district rejecting the argument that a plaintiff is required to identify each individual by name in the appeal and grieve each fact at every turn in what are ongoing medical issues in order to satisfy the exhaustion requirement. See Blaine v. Adams, 2008 WL 1932148, *2 (E.D.Cal. May 1, 2008) (findings and recommendations reasoning that such a level of detail is not required unless the prison grievance process itself commands it and concluding it does not in California), order adopting findings and recommendations, 2008 WL 2397457 (E.D.Cal. June 11, 2008). This position is consistent with the Ninth Circuit's recent decision, issued while the instant motion was under submission, regarding the appropriate standard of factual specificity necessary to satisfy the exhaustion requirement when, as in this case, a prison's grievance procedures do not specify the requisite level of detail.

In Griffin v. Arpaio, ---F.3d--- , 2009 WL 539982, *2-3 (9th Cir. March 5, 2009), the Ninth Circuit opined that for PLRA exhaustion, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. Id. (citing Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The Ninth Circuit reasoned

> [a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to provide each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Id. at *3. The grievance must "provide enough information to allow prison officials to take appropriate responsive measures." Id. (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) (internal quotations omitted)). Where a prisoner's grievance alerts the prison to the nature of his problem, he satisfies PLRA exhaustion requirements. Id.

Here, Plaintiff contends that certain of his appeals provided notice of medical neglect and

other forms of abuse. Plaintiff cites to more than 20 separate grievances denied at the Director's level, including: (1) 06-4009 (Def. Ex. 7, p. 20), which contained allegations directed at LVN Garza; (2) 06-4313 (Def. Ex. 8, p. 23), which involved allegations that four nurses, including Brewer, Dara, Balaba and Caliente, failed to provide medical care and disregarded the doctor's orders related to catheterization; (3) 06-4317 (Def. Ex. 9, p. 26), which concerned Nurse Garza, along with allegations that other unnamed medical and custodial personnel had been deliberately indifferent to his medical care, health and safety, and were retaliating against him for reporting abuse and medical neglect; and (4) 06-5225 (Def. Ex. 10, p. 29), which involved allegations of abuse, mistreatment and/or neglect by Nurse Nunez.[2]

The record demonstrates that Plaintiff exhausted to the Director's level approximately 10 appeals before filing the instant action. With the exception of the allegations regarding physician consults and medications, a number of Plaintiff's appeals place prison officials on notice as to his problems regarding blood glucose levels, diabetes and treatment. For instance, appeal 05-3160, which was denied at the Director's level on January 13, 2006, asserted that Plaintiff's "blood glucose level has been out of control" since he arrived at ACH in January 2003. Def. Ex. 4, p. 11; Grannis Dec., ¶ 3. At the formal level of review, Plaintiff asserted that daily exercise was recommended to control his blood sugars and urine output. Def. Ex. 4, p. 11. In his request for Director's level review, Plaintiff asserted that the purpose of exercise for diabetes was to control fluid intake and urine output. Def. Ex. 4, p. 12. In appeal 06-4313, which was denied at the Director's level on March 30, 2007, Plaintiff alleged the failure of certain identified nurses to provide medical care and to follow doctor's orders. Def. Ex. 8, p. 23; Grannis Dec., ¶ 3. Plaintiff requested that the abuse, mistreatment and harassment stop. Def. Ex. 8, p. 23. In appeal 06-4317, which was denied at the Director's level on March 30, 2007, Plaintiff described allegations against Nurse Garza, including neglect of his medical care. Def. Ex. 9, p. 26; Grannis Dec., ¶ 3. Plaintiff also complained of ADA violations by CDCR for denial of reasonable accommodations with regard to exercise, visitation,

---

[2]The remaining grievances identified by Plaintiff were (1) denied at the Director's level after Plaintiff initiated this action in July 2007; (2) did not reach a Director's level review; or (3) were screened out as untimely. Grannis Dec., ¶ ¶ 3, 5.

education, quadriplegic life skills training, inmate privileges and medical care that reduces irreversible damage to his spinal cord injuries and insulin dependency. Def. Ex. 9, p. 28. Accordingly, Plaintiff has provided notice to prison officials regarding a failure to provide medical care, failure to control his blood glucose and fluid levels and failure to provide treatment for diabetes. As such, Defendants' motion to dismiss for failure to exhaust Plaintiff's claims arising from allegations regarding control of glucose levels and diabetes and a failure to provide him with care and/or treatment is DENIED.

However, with regard to claims arising from allegations regarding medical consults and medication complications, the grievances denied at the Director's level prior to initiation of this action do not alert prison officials to these alleged problems. To the extent that Plaintiff's federal claims arise from allegations regarding medical consults and medication complications, they are DISMISSED without prejudice.

Insofar as Defendants argue that it is unfair to the individual Defendants in this case to have a separate claim against them in the context of the conglomerate of disparate claims that Plaintiff has asserted in this case against nearly twenty Defendants, the Court declines to consider this argument in the context of a motion to dismiss for failure to exhaust administrative remedies. Defendants cite George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), which involved Federal Rule of Civil Procedure 18(a). In George, the court concluded that the district court should have questioned a state prisoner's section 1983 action asserting 50 claims against 24 defendants in a single suit. Id. at 607. The court explained that unrelated claims against different defendants belong in different suits. Id. As acknowledged by Defendants at oral argument, their cited authority relates to the issue of joinder of parties and claims, not exhaustion.

b. Plaintiff's retaliation claims

Defendants argue that Plaintiff alleges many claims for retaliation, but did not file any appeal for retaliation that he pursued through the process to a Director's level review. Plaintiff has not asserted a cause of action for retaliation. Instead, Plaintiff has filed a motion to amend the complaint to add a cause of action for retaliation in violation of the First Amendment. Plaintiff's motion is scheduled to be heard on March 27, 2009. Pending resolution of the motion to amend the complaint,

1

2   Defendants' motion to dismiss Plaintiff's retaliation claims for failure to exhaust is DENIED without

3   prejudice.

4               c.   Plaintiff's claims against Officer Bradley

5        Plaintiff alleges both state and federal causes of action against Officer Bradley.  In the FAC,

6   Plaintiff contends that Defendant correctional officers, including Officer Bradley, slammed the door

7   to his room causing him shock and distress, and turned on the lights in his room at night to disturb

8   his sleep.  FAC, ¶¶ 86-87, 113.  Plaintiff also claims that Officer Bradley threatened him with

9   pepper spray on several occasions.  FAC, ¶ 108.

10       Defendants assert that Plaintiff did not pursue his grievances against Officer Bradley to the

11   Director's level, citing appeal 07-2875, which was partially granted at the second level.  Def. Ex. 93,

12   p. 281.  Plaintiff concedes that this is the only appeal filed regarding Defendant Bradley and notes

13   that submission to the Director was not timely.  Accordingly, Plaintiff's federal claims against

14   Defendant Bradley are DISMISSED without prejudice.  Defendants have not submitted any evidence

15   to support dismissal of Plaintiff's state law claims against Defendant Bradley based on the CTCA.

16              d.  Miscellaneous Claims

17       Defendants assert that Plaintiff failed to submit appeals for other claims in the FAC,

18   including the following allegations:  Defendants fail to provide medical care during transports (FAC,

19   ¶ 65); Plaintiff is subjected to temperature extremes (FAC, ¶ 66); Nurse Garza simulated sex with

20   Plaintiff and Defendant health care providers made sexual comments to him (FAC, ¶¶ 83-84);

21   Defendant correctional officers move necessary medical equipment to make it unavailable to

22   Plaintiff (FAC. ¶ 88); Defendant correctional officers verbally abused him (FAC, ¶ 89); Inmates are

23   allowed access to Plaintiff to harass him (FAC, ¶ 90); Nurse Carter falsely stated that Plaintiff had a

24   sexually-transmitted disease to discourage other health care providers from taking care of him (FAC,

25   ¶ 180); and Defendants published personal private and privileged information about Plaintiff (FAC,

26   ¶ 190).

27       Defendants contend that the only grievance related to these claims is 05-2958, in which

28   Plaintiff alleged that an ambulance used to transport him did not have adequate air conditioning.

Def. Ex. 77, p. 216-17.  The grievance was partially granted and Plaintiff did not pursue a further review.  Defendants assert that Plaintiff submitted no other appeals for these claims.  Plaintiff counters that given the "plethora of other appeals denied by the Director, Plaintiff has satisfied the requirements to perfect his claims."  Opposition, p. 13.

The Court rejects Plaintiff's wholesale contention.  Of the grievances that received a Director's level decision prior to the filing of the initial complaint, the Court finds that Plaintiff's grievances have not apprised Defendants of the failure to provide medical care during transports (FAC, ¶ 65), temperature extremes (FAC, ¶ 66), Defendant correctional officers moving necessary medical equipment to make it unavailable to Plaintiff (FAC, ¶ 88), inmates being allowed access to Plaintiff to harass him (FAC, ¶ 90) and allegations that Nurse Carter falsely stated that Plaintiff had a sexually-transmitted disease to discourage other health care providers from taking care of him (FAC, ¶ 180).  Therefore, to the extent that Plaintiff's federal claims arise from these allegations, they are DISMISSED without prejudice.

However, Plaintiff has exhausted his claims arising from the factual allegations that Nurse Garza simulated sex with Plaintiff and Defendant health care providers made sexual comments to him (FAC, ¶¶ 83-84).  In appeal 06-4009, which was denied at the Director's level on March 15, 2007, Plaintiff described conduct by Defendant Garza to include smacking gum over his groin during catheterization and straddling his knees while applying/removing the Hoyer sling.  Def. Ex. 7, p. 22; Grannis Dec., ¶ 3.  In appeal 06-4317, which was denied at the Director's level on March 30, 2007, Plaintiff alleged that Defendant Garza was "acting inappropriate by her sexual harassment."  Def. Ex. 9, p. 26; Grannis Dec., ¶ 3.

In connection with the allegation that Defendants published personal private and privileged information about Plaintiff, Plaintiff has exhausted this grievance with respect to Defendant Garza.  Def. Ex. 9, p. 26.   However, as to any remaining Defendants, the grievance does not provide sufficient notice.  At a minimum, it does not identify any of the other staff involved to allow prison officials to take appropriate responsive measures.  *Johnson*, 380 F.3d at 697.  Therefore, Defendants' motion to dismiss for failure to exhaust claims against Defendant Garza arising from the above-identified factual allegations is DENIED.

e. Conspiracy

In connection with Plaintiff's fifth cause of action, Defendants allege that Plaintiff did not exhaust any appeal asserting a claim for conspiracy to deprive him of his civil rights in violation of 42 U.S.C. §§ 1985 and 1986.

Plaintiff generally alleged a conspiracy to deny him his rights and to deny him proper medical care in appeal 06-4317, which was denied at the Director's level on March 30, 2007. Def. Ex. 9, p. 28. The grievance identifies Defendant Garza and her alleged conduct, but does not identify any other medical or custodial staff as part of the alleged "conspiracy." The Court recognizes that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones, 549 U.S. at 219. However, the absence of other identified individuals or any other details about the alleged conspiracy does not provide enough information to allow prison officials to take appropriate responsive measures.

Of the other grievances denied at the Director's level prior to the instant action, Plaintiff has not exhausted any appeal in which the subject matter was a claim that Defendants were conspiring against Plaintiff to deny him his civil rights or medical care. Therefore, Defendants' motion to dismiss the fifth cause of action for failure to exhaust administrative remedies is GRANTED. Plaintiff's fifth cause of action is DISMISSED without prejudice.

f. Defendants Adams and McGuinness

In connection with claims against Warden Adams and Chief Medical Officer McGuinness, Defendants claim that Plaintiff filed no administrative appeal regarding these individuals and he cannot maintain a claim against them.

Defendant Adams

The FAC names Defendant Adams in the first, second, third and seventh causes of action. In November 2008, the Court dismissed the first and seventh causes of action against Defendant Adams, leaving the ADA and abuse of dependent adult as the only remaining causes of action asserted against Defendant Adams. (Doc. 86). The exhaustion requirement of 1997e(a) applies to claims brought pursuant to the ADA. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1062 (9th Cir. 2007). However, "'Title II of the ADA prohibits discrimination in programs of a public entity or

16

discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue an ADA claim against Defendant Adams. As only a state law cause of action for abuse of dependent adult remains against Defendant Adams, Defendants motion to dismiss for failure exhaust administrative remedies involving Defendant Adams is DENIED.

   Defendant McGuinness, M.D.

   The FAC names Defendant Doctor McGuinness in the first, second, third and seventh causes of action. The Court's November 2008 Order dismissed the first cause of action against Defendant McGuinness, leaving only causes of action for violation of the ADA and state law claims. (Doc. 86). As with Defendant Adams, Plaintiff may not pursue ADA claims against an individual defendant and, hence, only state law claims remain against Defendant McGuinness. Defendants' motion to dismiss claims against Defendant McGuinness for failure to exhaust administrative remedies is DENIED.

   3.    Claims Exhausted After the Filing of the Instant Action

   Defendants contend that Plaintiff failed to exhaust at least 22 administrative appeals before filing the instant action. As noted, prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201. A plaintiff may not exhaust his claims while the suit is pending. Id. Plaintiff asserts, however, that Defendants stipulated to late exhaustion rather than answer two complaints.

   In support of his contention, Plaintiff explains that at the time of opposing the first motion to dismiss, his counsel informed defense counsel and the Court that he would be amending the complaint "to add facts and causes of action then being subjected to Defendants' appeal process."

17

Opposition, p. 13. Plaintiff claims that former defense counsel stated on the record that, as long as the exhaustion proceeded as a matter of course, he had no objections to raising the pending issues in the FAC. Opposition, p. 13. Defendants assert that they never made such an agreement.

The Court has reviewed the oral hearing record on Defendants' first motion to dismiss. The hearing was conducted before the undersigned on January 4, 2008, and James Sobolewski, former defense counsel, appeared on behalf of Defendants and Ken Karan appeared telephonically on behalf of Plaintiff. (Docket 24). During the hearing, Plaintiff's counsel expressed his intention to amend the complaint to add allegations regarding a head injury due to a fall and other issues. However, the parties neither discussed nor reached any agreement on exhaustion of claims or the filing of an amended complaint. Instead, the Court questioned the appropriateness of addressing new allegations at that time. The Court suggested that once the motion to dismiss was resolved, and to the extent leave to amend was granted, Plaintiff's counsel could then discuss the proposed addition of claims with defense counsel. Accordingly, the hearing record does not support Plaintiff's contention.[3] Absent an agreement on the record or a signed stipulation, the Court cannot accept Plaintiff's assertion that Defendants agreed to late exhaustion.[4]

a. Individual Defendants

In the absence of an agreement to permit late exhaustion, Defendants seek dismissal of claims against individual defendants Brewer, Childress, Garcia, Nacar, Sena, Van Natta and Vargas for claims that Plaintiff failed to exhaust prior to filing suit.

Defendant Brewer

Plaintiff has named Defendant Brewer in federal causes of action for violation of civil rights (42 U.S.C. § 1983), violation of the ADA, and conspiracy to deprive him of his civil rights and his medical care (42 U.S.C. § § 1985, 1986). Plaintiff also has asserted state law causes of action

---

[3]The Court also reviewed the oral record of the second motion to dismiss hearing held on September 26, 2008. (Docket 55). At the hearing, the parties did not discuss the addition of new allegations or exhaustion of administrative remedies.

[4]Insofar as Plaintiff requests that the Court make an exhaustion determination regarding an appeal he submitted on or about March 24, 2008, regarding a "series of occurrences of nursing abuse," the Court declines do so. This grievance was initiated by Plaintiff after the filing of the instant suit.

against Defendant Brewer.

Defendants request dismissal of claims against Defendant Brewer based on Plaintiff's failure to exhaust appeal 07-1970. Def. Ex. 15, pp. 44-46. Appeal 07-1970 contains allegations of abuse and mistreatment by Defendant Brewer, including an assertion that Defendant Brewer failed to follow doctor's orders causing Plaintiff to suffer autonomic dysreflexia. Def. Ex. 15, p. 44.

In the FAC, Plaintiff alleges that on two occasions Defendant Brewer put a pillow case over Plaintiff's head during treatment. FAC, ¶ 85. Appeal 06-4313, and not appeal 07-1970, addresses this alleged conduct by Defendant Brewer. Def. Ex. 8, pp. 23-25; Grannis Dec., ¶ 3. Appeal 06-4313 concerns the alleged failure of Defendant Brewer and three other nurses to provide Plaintiff with medical care. The appeal contends that Defendant Brewer failed to provide medical care, failed to conduct catheterization, disregarded doctor's orders and abused and mistreated Plaintiff. Def. Ex. 8. At the Director's level of appeal, the grievance includes allegations that Defendant Brewer twice threw a pillow case over Plaintiff's head. Def. Ex. 8, p. 24. This appeal was denied at the Director's level before the filing of the initial complaint in this matter. Grannis Dec., ¶ 3. Allegations in the FAC identifying Defendant Brewer by name relate to claims arising from appeal 06-4313. Further, appeal 07-1970 appears to relate to ongoing issues of alleged mistreatment at the hands of Defendant Brewer.

In connection with conspiracy (sections 1985 and 1986), Plaintiff alleges that Defendant Brewer was part of a conspiracy to deprive him of his civil rights and medical care by, among other things, publishing information about his character and personal history, intimidating other health care providers, and refusing to implement a medical care plan. (FAC, ¶ ¶ 187-190). In appeal 06-4313, Plaintiff alleges that Defendant Brewer, along with three other identified nurses, failed to provide medical care and disregarded doctor's orders. Def. Ex. 8, p. 23. This grievance is relevant to the merits of Plaintiff's conspiracy claim because it is Defendants' actions that were allegedly part of the conspiracy. However, the appeal is *not* relevant to the issue of exhaustion because the subject matter of the appeal was not a claim that Defendants, specifically Defendant Brewer, was conspiring with others to deprive him of care. The Court finds the conspiracy allegations regarding the failure to provide medical care are not exhausted.

Defendants' motion to dismiss section 1983 claims against Defendant Brewer for failure to exhaust administrative remedies is DENIED. However, Plaintiff's conspiracy cause of action as to Defendant Brewer is DISMISSED without prejudice. As noted above, Plaintiff's ADA cause of action is considered only in connection with the public entity defendant.

Defendant Childress

Plaintiff has named Defendant Childress in federal causes of action for violation of civil rights (42 U.S.C. § 1983), violation of the ADA, and conspiracy to deprive him of his civil rights and his medical care (42 U.S.C. § § 1985, 1986), along with state law causes of action. Defendants seek dismissal of claims involving Defendant Childress and contend that the only inmate appeal filed against Defendant Childress is appeal 07-5648, which was denied at the Director's level on June 18, 2008, after the filing of the instant action. Def. Ex. 18, pp. 55-56.

The FAC alleges that Defendant Childress placed Plaintiff in a dangerous position and left him alone unprotected. Plaintiff fell to the floor and injured his head. FAC, ¶ 101. Appeal 07-5648 involves allegations that Defendant Childress left Plaintiff unattended in the shower chair and he fell, striking his face on the floor. Def. Ex. 18, p. 55. Appeal 07-5648 bears directly on allegations in the FAC naming Defendant Childress, but was denied at the Director's level after Plaintiff initiated the instant suit. Accordingly, Plaintiff's federal claims against Defendant Childress are DISMISSED without prejudice. However, Defendants have not submitted any evidence to support the dismissal of Plaintiff's state law claims based on the CTCA.

Defendants Garcia and Sena

Plaintiff names Defendants Garcia and Sena in federal causes of action for violations of section 1983 and conspiracy in violation of sections 1985 and 1986. Plaintiff also alleges state law causes of action against these defendants.

Defendants contend that Plaintiff did not obtain a Director's level decision on appeals filed against Defendants Garcia and Sena until after he filed this action. In connection with these individuals, Defendants cite appeal 07-308, which was denied at the Director's level on October 24, 2007. Def. Ex. 12, pp. 34-37; Grannis Dec., ¶ 3. Appeal 07-308 involved allegations of custodial staff preventing nurses from providing Plaintiff with medical treatment and identifies Defendant

Sena at the Director's level of appeal.  Def. Ex. 12, p. 34-35.

The FAC alleges that Defendant correctional officers have denied medical staff access to Plaintiff on occasions when his life was at risk from the effects of autonomic dysreflexia.  FAC, § 77.  Appeal 07-308 appears to bear directly claims arising from this allegation in the FAC, but was not denied at the Director's level until after initiation of this action.  Accordingly, Plaintiff's federal claims against Defendants Garcia and Sena are DISMISSED without prejudice.  However, Defendants have not submitted any evidence to support the dismissal of Plaintiff's state law claims based on the CTCA.

Defendant Nacar

Defendants similarly argue that Plaintiff did not obtain a Director's level decision of the appeals involving Defendant Nacar.  Defendants cite appeals 07-5519 and 08-2440.  Def. Ex. 23, 25, pp. 70-71, 74-75.

The FAC alleges that on November 4, 2007, Defendant Nacar simulated letting Plaintiff fall. It further alleges that during catheterization, she broke the sterile field, but continued to use the contaminated equipment.  She also jerked the catheter from his urethra.  FAC, ¶¶ 105, 106.  Appeal 07-5519 addresses this alleged conduct by Defendant Nacar related to the simulated fall and the catheter.  Def. Ex. 23, p. 70.  This appeal was denied at the Director's level after Plaintiff filed the instant action.  Def. Ex. 23, p. 71.  Accordingly, Plaintiff's federal claims against Defendant Nacar are DISMISSED without prejudice.  However, Defendants have not submitted any evidence to support the dismissal of Plaintiff's state law claims based on the CTCA.

Defendant Van Natta

Defendants also seek dismissal of claims against Defendant Van Natta, identifying appeals 07-5647, 07-5092 and 08-112.  Def. Ex. 19, 20, 21, pp. 57-66.  In the FAC, Plaintiff alleges that on November 21, 2007, Defendant Van Natta abused and battered Plaintiff, leaving him on his back in a painful position and Van Natta acted in retaliation against Plaintiff for complaints about the care he was receiving.  FAC, ¶ 107.  Appeal 07-5647 relates to these allegations, contending that Defendant Van Natta left Plaintiff on his back on November 21, 2007.  Def. Ex. 19, p. 59.  This appeal was denied at the Director's level after Plaintiff filed the instant action.  Def. Ex. 19, p. 58.  Accordingly,

Plaintiff's federal claims against Defendant Van Natta are DISMISSED without prejudice.

Defendant Smith

In connection with claims against Defendant Smith, Defendants argue that Plaintiff did not complete the grievance process in connection with appeals 08-813 and 04-3221. Def. Ex. 101 and 64. According to the Declaration of N. Grannis filed by Defendants, these appeals were not pursued to the Director's level. Grannis Dec., ¶ 3. Plaintiff argues that appeals 07-5092, 07-5647, and 08-112 claim that Smith (and Van Natta) mistreated him. Def. Ex. 19, 20, and 22. A review of the record reveals that these grievances do not assist Plaintiff as all three of these claims were denied by the Director after Plaintiff filed his complaint in this matter. Accordingly, Plaintiff's federal claims against Defendant Smith are DISMISSED without prejudice

Defendant Vargas

Defendants also seek dismissal of claims against Defendant Vargas as identified in appeal 07-5649. Def. Ex. 17, pp. 44-46. In the FAC, Plaintiff alleges that Defendant Vargas assaulted him, made a death threat against him and retaliated against him on November 7, 2007. FAC, § 104. Appeal 07-5649 addresses this alleged conduct and was denied at the Director's level after Plaintiff initiated this action. Def. Ex. 17, pp. 53-54. Accordingly, Plaintiff's federal claims against Defendant Vargas are DISMISSED without prejudice.

b.  Claims against the State of California.

Defendants further assert that six of the claims that Plaintiff exhausted after filing this action, and two that are pending a Director's level decision, raise ADA issues or are aimed at CDCR or CSP-Corcoran. Defendants identify these unexhausted claims as relating to a bacoflen pump to control pain, visitation, tilt table and commode chair, food items, recreational and physical therapy and telephone access. Def. Ex. 13, 16, 22, 27, 26, 28, 32, 30.

Defendants argue that these claims cannot be easily untangled from other exhausted claims alleged against the State related to physical therapy, more and longer attorney contacts, a power wheelchair, a functional electrical stimulation cycle and access to a TV and VCR. Def. Ex. 1, 2, 3, 4, 11.

Defendants assert that unless Plaintiff is willing to dismiss the claims related to the ADA or

directed to CSP-Corcoran exhausted after filing this action and proceed on the remaining exhausted claims, the Court should dismiss the entire complaint without prejudice.

The Court declines to do so.  Plaintiff has exhausted claims involving the ADA and medical issues directed at the state.  For example, at least one appeal denied at the Director's level before this action was filed contains claims alleging violations of the ADA related to "exercise, visitation, education, quadriplegic life skills training necessary to coping with his catastrophic injuries, various inmate privileges and medical care."  Def. Ex. 9, pp. 26-28; Grannis Dec., 3.  The Court rejects Defendants' argument that Plaintiff was required to grieve each fact at every turn in what were ongoing issues in order to satisfy the exhaustion requirement.  Accordingly, Defendants motion to dismiss the entire complaint as to the State without prejudice is DENIED.

Conclusion and Order

Based on the above, Defendants' motion to dismiss for failure to exhaust available administrative remedies is GRANTED in part and DENIED in part as follows:

1.  Defendants' motion to dismiss for failure to exhaust claims arising from allegations regarding control of glucose levels and diabetes and a failure to provide him with care and/or treatment is DENIED.

2.  Defendants' motion to dismiss for failure to exhaust claims arising from allegations regarding medical consults and medication complications is GRANTED.  Plaintiff's federal claims arising from allegations regarding medical consults and medication complications are DISMISSED without prejudice.

3.  Defendants' motion to dismiss Plaintiff's retaliation claims for failure to exhaust is DENIED without prejudice pending resolution of the motion to amend the complaint.

4.  Defendants' motion to dismiss for failure to exhaust claims arising from allegations regarding the failure to provide medical care during transports, temperature extremes, correctional officers moving necessary medical equipment, inmates being allowed access to Plaintiff and allegations that Nurse Carter stated that Plaintiff had a sexually-transmitted disease is GRANTED.  To the extent that Plaintiff's federal claims arise from these allegations, they are DISMISSED without prejudice.

5.  Defendants' motion to dismiss for failure to exhaust claims against Defendant Garza arising from factual allegations that she simulated sex with Plaintiff, made sexual comments and published personal private and privileged information is DENIED.

6.  Defendants' motion to dismiss the fifth cause of action is GRANTED.  Plaintiff's fifth cause of action is DISMISSED without prejudice.

7.  Defendants' motion to dismiss for failure to exhaust administrative remedies involving Defendant Adams is DENIED.

8.  Defendants' motion to dismiss claims against Defendant McGuinness for failure to exhaust administrative remedies is DENIED.

9.  Defendants' motion to dismiss federal claims against Defendant Brewer for failure to exhaust administrative remedies is DENIED.  However, Plaintiff's conspiracy cause of action as to Defendant Brewer is DISMISSED without prejudice and Plaintiff may not pursue an ADA cause of action against an individual defendant.

10. Defendants' motion to dismiss federal claims against Defendants Childress, Garcia Sena, Nacar, Van Natta and Smith is GRANTED.  Plaintiff's federal claims against Defendants Childress, Garcia, Sena, Nacar, Van Atta and Smith are DISMISSED without prejudice.

11. Defendants' motion to dismiss the entire complaint as to the State of California for failure to exhaust administrative remedies without prejudice is DENIED.


IT IS SO ORDERED.

**Dated:**  __**March 11, 2009**__          _____ **/s/ Dennis L. Beck**_____
                                                    UNITED STATES MAGISTRATE JUDGE